FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 22 2013

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

PATTY E. SIMPSON,         )
                               )
      **Plaintiff,**        )
                               )
**v.**                           )    **CIVIL ACTION NO.**
                               )    *1:13cv093-JLH*
**CAVALRY SPV I, LLC AS ASSIGNEE OF** )
**HSBC BANK NEVADA, N.A./ORCHARD** )
**BANK, AND MCHUGHES LAW FIRM** )
                               )
      **Defendants.**     )    This case assigned to District Judge Holmes
                                and to Magistrate Judge Young

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, defendant Cavalry SPV I, LLC ("Cavalry" or "Defendant"), appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses under the federal laws of bankruptcy and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, gives notice of the removal of this action from the District Court of Jackson County, Arkansas, to the United States District Court for the Eastern District of Arkansas, Northern Division. As grounds in support of this removal, Defendant states as follows:

## I. INTRODUCTION

1.    Plaintiff Patty E. Simpson ("Plaintiff") commenced this action by filing a complaint against Defendant and co-defendant The McHughes Law Firm, LLC ("McHughes," collectively with Cavalry, "Defendants") in the District Court of Jackson County, Arkansas, Case No. CV-2013-116 on or about September 16, 2013.

2.      Plaintiff's complaint asserts claims against Defendants relating to alleged improper collection of a debt. [*See generally* Compl.]

3.      Based on these allegations, Plaintiff attempts to assert federal claims against Defendant under the Fair Debt Collection Practices Act ("FDCPA"). [*Id.*]

4.      This case is properly removable pursuant to 28 U.S.C. § 1441 because federal question jurisdiction is present. Section 1441 provides, in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

## II. FEDERAL QUESTION JURISDICTION

5.      Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

6.      This is a civil action arising under the Constitution, laws, or treaties of the United States, because Plaintiff is asserting claims against Defendants based upon alleged violations of the FDCPA, which are federal consumer protection statutes. [*See* Compl.; *see also* 15 U.S.C. § 1692, *et seq.*] Accordingly, Plaintiff's FDCPA claims arise under the laws of the United States and could have been originally filed in this Court.

## III. SUPPLEMENTAL JURISDICTION

7.      This Court can exercise supplemental jurisdiction over Plaintiff's state law claims because these claims form part of the same case or controversy as Plaintiff's alleged FDCPA

violations. The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides, in pertinent part, as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . .

8.    In the instant case, Plaintiff's state law claims are related to the same collection activity that forms the basis for Plaintiff's FDCPA claim. Thus, it is clear that Plaintiff's state law claims in this case are "so related to claims in the action within [this Court's] original jurisdiction" that they form part of the same case or controversy and, as such, fall squarely within this Court's supplemental jurisdiction as provided under 28 U.S.C. § 1367(a). *See also* 28 U.S.C. § 1441(c) ("[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein . . .").

9.    Moreover, this Court should exercise supplemental jurisdiction over Plaintiff's state law claims in this action in order to avoid an unnecessary duplication of judicial resources. In the instant case, Plaintiff's state law claims do not raise novel or complex issues of state law, do not predominate over Plaintiff's demand for relief under the FDCPA, and arise from the same transaction or occurrence. *See id.* (citing 28 U.S.C. § 1367(c)). It is therefore proper for this Court to exercise jurisdiction over all claims asserted in Plaintiff's Complaint.

## IV. ADOPTION AND RESERVATION OF DEFENSES

10.    Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of Defendant's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2)

improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## V. PROCEDURAL REQUIREMENTS

11. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

12. True, correct, and certified copies of "all process, pleadings, and orders" are attached hereto as **Exhibit A** in conformity with 28 U.S.C. § 1446(a). There are no other process, pleadings, or orders served upon Defendant to date in this case.

13. Co-defendant McHughes, the only other defendant in this action, consents to removal. A copy of McHughes's consent is attached hereto as **Exhibit B.**

14. This Notice of Removal is filed within the time frame set forth in 28 U.S.C. § 1446, as Defendant was served with process on September 23, 2013.

15. Defendant has heretofore sought no similar relief.

16. The United States District Court for the Eastern District of Arkansas, Northern Division, is the court and division embracing the place where this action is pending in state court.

17. Contemporaneously with the filing of this notice of removal, Defendant has filed a copy of same with the clerk of the District Court of Jackson County, Arkansas and a notice of filing notice of removal. Written notice of the filing of this notice of removal has also been served upon the Plaintiff.

18. Defendant reserves the right to supplement this notice of removal by adding any jurisdictional defenses that may independently support a basis for removal.

**WHEREFORE**, Defendant prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the District Court of Jackson County, Arkansas, to the United States District Court for the Eastern District of Arkansas, Northern Division.

Respectfully submitted this 2 2 day of October, 2013.

/s/ _Becky A. McHughes_

Becky A. McHughes (03024)
becky@mchugheslaw.com
The McHughes Law Firm, L.L.C.
P.O. Box 2180
Little Rock, Arkansas 72203
Attorney for
THE MCHUGHES LAW FIRM & CAVALRY
SPV I, LLC

Megan P. Stephens
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
mstephen@burr.com
Attorney for Defendant
CAVALRY SPV I, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served on the following by Electronic Filing, and/or by U.S. First Class Mail, hand delivery, fax or email on this **22** day of October, 2013:

Harold F. Cook
J.R. Andrews
Cook Law Firm, P.A.
8114 Cantrell Road, Suite 100
Little Rock, AR 72227
Telephone: 501-255-1500
Fax: 501-255-1116

OF COUNSEL

HAROLD F. COOK**
ATTORNEY

J. R. ANDREWS*
ATTORNEY

LICENSED IN:
ARKANSAS*; MISSOURI*; TENNESSEE*
UTAH*; TEXAS FED. DIST COURTS*;
UNITED STATES SUPREME COURT*

**COOK LAW FIRM**
*A PROFESSIONAL ASSOCIATION*
8114 CANTRELL, SUITE 100
LITTLE ROCK, AR 72227
TELEPHONE: (501) 255-1500
FACSIMILE: (501) 255-1512
ATTORNEYHALCOOK.COM

FILED
MEBAS. BRANN
CIRCUIT CLERK
JACKSON COUNTY, AR.

2013 SEP 27 AM 11: 54

LITIGATION SECTION:
KIMBERLEY J. CARTER
MICHELEE JESTER

CASE MANAGEMENT
SARA E. DICKSON
JACLYN M. COOK

RECORDED IN _____
September 25, 2013
BOOK _____ PAGE _____

<u>VIA U.S. MAIL</u>
Ms. Lisa Turner
Jackson County Circuit Clerk
208 Main Street
Newport, AR 72112
Telephone: (870) 523-7423
Facsimile: N/A

Re:   ***Patty E. Simpson v. Cavalry SPV I, LLC as Assignee of HSBC Bank Nevada,***
***N.A./ORCHARD Bank and McHughes Law Firm,***
Jackson County Circuit Court, Case No. CV-2013-116

Dear Clerk:

Enclosed is the original and one copy of Plaintiff's Affidavit of Service of Cavalry SPV I, LLC as Assignee of HSBC Bank Nevada N.A./Orchard Bank for filing in the above referenced matter. Please mail back the file marked copy in the postage pre-paid envelope that's been provided.

Please contact me, preferably via email (kim@attorneyhalcook.com), with questions or concerns. Telephone messages should be directed to (501-255-1500, ext. 211), however, we prefer email/written communication. Thank you for your assistance in this matter.

Best Regards,

**COOK LAW FIRM, P.A.**

/s/ KJC

Kimberley J. Carter
Litigation Paralegal

KJC/cjk
Enclosure(s)


EXHIBIT
A

FILED
VERA S. BRANN
CIRCUIT CLERK
JACKSON COUNTY, AR

IN THE CIRCUIT COURT OF JACKSON COUNTY, ARKANSAS
FIRST DIVISION 2013 SEP 27 AM 11: 52

RECORDED IN_____

PATTY E. SIMPSON                                          PLAINTIFF

BOOK_____PAGE_____

v                          CV-2013-116

CAVALRY SPV I, LLC
AS ASSIGNEE OF HSBC BANK NEVADA, N.A./
ORCHARD BANK, AND
MCHUGHES LAW FIRM                                        DEFENDANTS

## AFFIDAVIT OF SERVICE OF
## CAVALRY SPV I, LLC AS ASSIGNEE OF HSBC BANK NEVADA, N.A.

The undersigned, having been duly sworn, states upon oath and affirmation as follows:

1.     That I am the attorney for the Plaintiff in the captioned case.

2.     That on September 17, 2013, I caused a certified letter to addressee only and or

their agent, to be mailed to the Defendant, Cavalry SPV I, LLC as Assignee of HSBC Bank

Nevada, N.A.,via their registered, The Corporation Company, at their last known address along

with a copy of the Summons and Complaint.

3.     That on September 23, 2013, the letter was claimed as evidenced by the return

receipt signed by Defendant's registered agent attached hereto as Exhibit "A."

IN WITNESS WHEREOF, I have set my hand this _25_ day of _September_,2013.

AFFIANT:     _____
             Harold F. Cook, AR Bar No. 99118
             JR Andrews, AR Bar No. 92041

_____
Affidavit of Service
*Simpson v. Cavalry, et al.*
*Page 1 of 2*

## ACKNOWLEDGEMENT

STATE OF ARKANSAS     ) §
                                      ) §
COUNTY OF PULASKI     ) §

ON THIS 25th day of September 2013, before me, a Notary Public, duly commissioned, qualified and acting, within and for the said County and State, appeared the within named HAROLD F. COOK and/or JR ANDREWS, to me personally well known, who stated and acknowledged that he has so signed, executed and delivered the said forgoing instrument for the consideration, purposes and uses therein specified.

IN WITNESS WHEREOF, I have hereunto set my hand and seal the date aforementioned.

_____
Notary Public

My Commission Expires:

July 7, 2017

KIMBERLEY J. CARTER
Arkansas - Pulaski County
Notary Public - Comm# 12360924
My Commission Expires Jul 7, 2017

Affidavit of Service
*Simpson v. Cavalry, et al.*
*Page 2 of 2*

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Reg Agent: The Corporation
Company
For: Cavalry SPV I, LLC
124 W. Capitol Ave, Ste
1900
Little Rock, AR
72201

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered   ☒ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
   (Transfer from service label)

7010 0780 0001 7465 4110

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

* Sender: Please print your name, address, and ZIP+4 in this box *

Cook Law Firm, P.A.
8114 Cantrell Rd, Ste 100
Little Rock, AR
72227

Simpson (SPV)


EXHIBIT

IN THE CIRCUIT COURT OF JACKSON COUNTY, ARKANSAS
_____ DIVISION

PATTY E. SIMPSON                                    PLAINTIFF

VS.

                                                   CN·2013-116

CAVALRY SPV I, LLC
AS ASSIGNEE OF HSBC BANK NEVADA, N.A./
ORCHARD BANK, AND
MCHUGHES LAW FIRM                                  DEFENDANTS

BOOK_____
RECORDED IN
PAGE_____
2013 SEP 16 AM 11: 56
FILED
VERA S BRANN
CIRCUIT CLERK
JACKSON COUNTY, AR

## COMPLAINT

COMES NOW, Plaintiff Patty E. Simpson, (Simpson), and files this Complaint against Cavalry

SPV I, LLC (Cavalry SPV I) and McHughes Law Firm and for her causes of action states:

### I.

### STATEMENT OF JURISDICTION

1.      This claim is brought pursuant to this Arkansas Circuit Court's jurisdiction over

negligence granted by A.C.A. § 16-13-201, and concurrent jurisdiction of violations of the

Arkansas Fair Debt Collection Practices Act (hereinafter AFDCPA; A.C.A §17-24-101, et seq.)

and the Federal Fair Debt Collection Practices Act (hereinafter FDCPA; 15 U.S.C. §1692k(d)

and 28 U.S.C. §1337).

2.      Simpson has suffered losses and damages within the jurisdictional amount

required for federal diversity of jurisdiction of the Circuit Court of the State of Arkansas.

3.      Venue is proper under A.C.A. § 16-60-112 and U.S.C §1391(b),(c), in that

Cavalry SPV I and McHughes Law Firm transact business in Arkansas and the incident herein

complained of occurred in Jackson County, Arkansas.

## II.

## PARTIES TO THE CLAIM

4.      Simpson is a resident of Newport, Jackson County, Arkansas, and is a "consumer" as defined by 15 U.S.C. §1692a(3), and/or "any person" as defined by 15 U.S.C. §1692d;

5.      At the time of the incident described further herein, Cavalry SPV I was a "debt collector /debt buyer," as that term is defined by 15 U.S.C. §1692a(6), and A.C.A 17-24-101, et seq., and attempting to collect a "debt," as defined in 15 U.S.C. §1692a(5).

6.      McHughes Law Firm is a collection law firm in Little Rock, Arkansas and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7.      Cavalry SPV I is being served via its registered agent:

> The Corporation Company
> 124 West Capitol Avenue
> Suite 1900
> Little Rock, AR  72201

8.      McHughes Law Firm is being served via its registered agent:

> Becky A. McHughes
> 917 W. 2nd Street
> Little Rock, AR  72201

## III.

## FACTUAL BACKGROUND

9.      Cavalry SPV I filed a lawsuit against Simpson on December 8, 2011 in the

District Court of Jackson County, Arkansas-Newport Division, asserting a consumer debt. **Exhibit 1.**

10.     On March 26, 2013 a default judgment was entered against Simpson. **Exhibit 2.**

11.     Cavalry SPV I, by and through its attorney, McHughes Law Firm, instituted garnishment proceedings against Simpson's bank account in July or August 2013. **Exhibit 3.**

12.     As a "debt collector/debt buyer", Cavalry SPV I is required to be licensed by the Arkansas State Board of Collection Agencies pursuant to Arkansas Code Annotated §17-24-301. Cavalry SPV I is not licensed by the Arkansas State Board of Collection Agencies and is forbidden from purchasing and attempting to collect delinquent accounts or bills. **Exhibit 4.**

13.     By attempting to garnish Simpson's bank account, Cavalry SPV I and McHughes Law Firm are engaged in "collection activity" under the FDCPA.

14.     By engaging in collection activity in violation of state statute, Cavalry SPV I and McHughes Law Firm are violating 15 U.S.C. §1692e(5) which prohibits the threat to take any action that cannot legally be taken.

15.     Litigation is defined as a "collection activity" according to *Heintz v. Jenkins*, 514 U.S. 291 (1995).

16     Violation of a State statute supports a violation of the Fair Debt Collection Practices Act. *Picht v. Hawks, Ltd*, 236 F.3d 446 (8th Cir. 2001).

17.     McHughes Law Firm has knowingly participated in the collection activities of Cavalry SPV I in violation of Arkansas Code Annotated §17-24-301 and Arkansas State Board of Collection Agencies regulation XIV(a) and (b).

18.     The actions by Cavalry SPV I and McHughes Law Firm in violation of State statute and Arkansas Board of Collection Agencies regulations constitute unfair or

unconscionable means to attempt to collect debt in violation of 15 U.S.C §1692f.

19.     The actions by Cavalry SPV I and McHughes Law Firm constitute conduct the natural consequence of which is to harass, oppress or abuse any person in violation of 15 U.S.C. §1692d.

20.     Simpson has suffered embarrassment, humiliation, mental distress and emotional anguish, as well as physical symptoms of injury as a result of the actions by Cavalry SPV I and McHughes Law Firm.

## IV.

## COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
### and
### THE ARKANSAS FAIR DEBT COLLECT PRACTICES ACT

Simpson hereby incorporates by reference all previous paragraphs as if fully set forth herein, and further asserts for her cause of action the following:

21.     Cavalry SPV I and McHughes Law Firm engaged in abusive, harassing, oppressive conduct, false, deceptive or misleading representations, and unfair or unconscionable collection methods in contravention of 15 U.S.C. §1692, a course of action which violated the AFDCPA and FDCPA in the following particulars:

    i.   using any false, deceptive, or misleading representations or means in connection with the collection of any debt, 15 U.S.C. §1692e(5), by threatening to take any action that cannot legally be taken, specifically violation of A.C.A. §17-24-301.

    ii.   any unfair or unconscionable means to collect or attempt to collect the alleged debt by violating State law pursuant to 15 U.S.C. §1692f;

    iii.   Conduct the natural consequence of which is to harass, oppress or abuse any person pursuant to 15 U.S.C. §1692d by violating Sate law.

22.     Cavalry SPV I and McHughes Law Firm's conduct are violations of the AFDCPA and FDCPA for which strict liability applies pursuant to: 15 U.S.C. §1692, et seq.;

23.     Cavalry SPV I and McHughes Law Firm's conduct are violations of the AFDCPA and FDCPA for which statutory damages of $1,000.00 apply pursuant to: 15 U.S.C. §1692k(a)(2)(A);

24.     Cavalry SPV I and McHughes Law Firm's conduct are violations of the AFDCPA and FDCPA, and a producing cause of economic damages incurred by Simpson.

25.     Cavalry SPV I and McHughes Law Firm's conduct was a producing cause of actual damages incurred by Simpson pursuant to: 15 U.S.C. §1692k(a)(1).

## V.

## COUNT II.

### MALICIOUS PROSECUTION

Simpson hereby incorporate by reference all previous paragraphs as if fully set forth herein, and further asserts for her cause of action the following:

26.     Cavalry SPV I and McHughes Law Firm initiated civil proceedings against Simpson in violation of A.C.A. §17-24-301 which requires a collection agency to be licensed by the Arkansas State Board of Collection Agencies.

27.     Cavalry SPV I and McHughes Law Firm acted out of ill will.

28.     Cavalry SPV I and McHughes Law Firm's actions and conduct proximately caused Simpson to suffer damages for which they are liable.

29.     Additionally, Cavalry SPV I and McHughes Law Firm knew, or should have known, in light of the circumstances, as alleged this lawsuit, that its conduct would naturally and

probably result in damage, and continued their conduct with malice or in reckless disregard of the consequences from which malice may be inferred, or intentionally pursued their course of conduct for the purpose of causing damage, or both. For these reasons, Cavalry SPV I and McHughes Law Firm are also liable for punitive damages to Simpson.

## VI.

## COUNT III.

### ABUSE OF PROCESS

Simpson hereby incorporate by reference all previous paragraphs as if fully set forth herein, and further asserts for her cause of action the following:

30. Cavalry SPV I and McHughes Law Firm set in motion civil proceedings against Simpson in violation of A.C.A. §17-24-301 which requires a collection agency to be licensed by the Arkansas State Board of Collection Agencies..

31. The civil proceedings were used to accomplish an ulterior purpose for which it was not designed.

32. That Cavalry SPV I and McHughes Law Firm willfully used these processes in manners not proper in the regular conduct of the proceedings.

33. Cavalry SPV I and McHughes Law Firm's actions and conduct proximately caused Simpson to suffer damages for which they are liable.

34. Additionally, Cavalry SPV I and McHughes Law Firm knew or should have known, in light of the surrounding circumstances, as alleged in this lawsuit, that their conduct would naturally and probably result in damage, and continued the conduct with malice or in reckless disregard of the consequences from which malice may be inferred, or intentionally

pursued a course of conduct for the purpose of causing damage, or both. For these reasons, Cavalry SPV I and McHughes Law Firm are also liable for punitive damages to Simpson.

## VII.

## COUNT IV.

## NEGLIGENCE

Simpson hereby incorporate by reference all previous paragraphs as if fully set forth herein, and further asserts for its cause of action the following:

35.    Cavalry SPV I and McHughes Law Firm owed a duty of care to Simpson.

36.    Cavalry SPV I and McHughes Law Firm knew, or should have known by the exercise of reasonable care and diligence from a reasonably prudent persons perspective, that the probability of a harm was foreseeable and likely to happen if reasonable steps were not implemented to prevent the occurrence of a similar action as the one forming the basis of this lawsuit.

37.    The negligent, careless and reckless acts and/or omissions of Cavalry SPV I and McHughes Law Firm were/are guilty of negligence which was the proximate cause of the above described incident and Simpson's resulting damages in the following particulars consisting of one or more of the following:

      i.   Instituting a groundless legal proceeding.

      ii.  Instituting a groundless legal proceeding without probable cause or validity.

      iii. Instituting a groundless legal proceeding without probable cause or validity with malice.

iv. Instituting a groundless legal proceeding without probable cause or validity for an improper purpose.

v. Instituting a groundless legal proceeding without probable cause or validity with the improper intent of coercing a settlement for a debt not owed.

vi. Instituting a groundless legal proceeding without probable cause or validity with the intent of coercing payment on an account not owed.

vii. Instituting a legal proceeding in violation of State statute and regulations.

38.    All of the above negligent, careless and reckless acts and/or omissions by Cavalry SPV I and McHughes Law Firm were made with knowledge of their falsity, or made recklessly without any knowledge of the truth, or without making a reasonably diligent inquiry into the facts or the legal basis of instituting a lawsuit.

39.    Additionally, Cavalry SPV I and McHughes Law Firm knew or should have known, in light of the surrounding circumstances, as alleged in this lawsuit, that their conduct would naturally and probably result in damage, and continued the conduct with malice or in reckless disregard of the consequences from which malice may be inferred, or intentionally pursued a course of conduct for the purpose of causing damage, or both.  For these reasons, Cavalry SPV I and McHughes Law Firm are also liable for punitive damages to Simpson.

## VIII.

## DAMAGES

Simpson hereby incorporates by reference all previous paragraphs as if fully set forth herein.

40.   As a direct and proximate result of the occurrence made the basis of this lawsuit, Simpson sustained damages and injuries including, but not limited to, the following:

      i.   increased temper;

      ii.   loss of sleep and insomnia;

      iii.   anxiety, nervousness, fear, and worry;

      iv.   emotional distress and mental distress;

41.   As a direct and proximate result of the occurrence made the basis of this lawsuit, Simpson is entitled to the following damages:

      i.   actual costs, expenses and attorney fees.

      ii.   statutory damages in the maximum amount of: $1,000.00.

      iii.   additional actual damages to be determined.

      iv.   Punitive damages.

42.   By reason of the aforementioned, Simpson has suffered losses and damages in a sum to be proven at trial.

## IX.

## FURTHER RELIEF AND PARTIES

43.   Simpson reserves the right to plead further causes of action as additional parties and facts are identified.

## X.

## JURY DEMAND

44.   Simpson demands a jury trial.

## XI.

## PRAYER

WHEREFORE, Simpson prays that:

1. Simpson be granted statutory damages pursuant to the AFDCPA and FDCPA.

4. Simpson be granted actual damages to be proven at trial.

5. Simpson be granted costs and expenses incurred to date.

6. Simpson be granted judgment for attorney fees.

7. Simpson be awarded punitive damages.

Respectfully submitted,
COOK LAW FIRM, P.A.

Harold F. Cook, AR Bar No. 99118
J. R. Andrews, AR Bar No. 92041
8114 Cantrell Road, Suite 100
Little Rock, AR 72227
501-255-1500
501-255-1116, fax

183244

# IN THE DISTRICT COURT OF JACKSON COUNTY, ARKANSAS
## NEWPORT DIVISION

CAVALRY SPV I, LLC                                                                              **PLAINTIFF**
AS ASSIGNEE OF HSBC BANK NEVADA, N.A. \ ORCHARD BANK

vs.                              No. _Civ-2011 - 215_

PATTY E SIMPSON                                                                           **DEFENDANT**
410 JACKSON 90
NEWPORT, AR 72112-8413



## COMPLAINT

Comes the Plaintiff by its Attorneys, The McHughes Law Firm, LLC, and for its cause of

action against the Defendant states and alleges:

1.      Plaintiff is a foreign entity authorized to do business in the State of Arkansas for

the purpose of collecting a debt pursuant to Arkansas Code Annotated § 4-27-1501(b)(8). The

Plaintiff is the assignee of HSBC Bank Nevada, N.A.

2.      Venue of this action is proper in the county named above because Defendant is an

individual believed to be residing in the said county at the time of commencement of suit.

Therefore, the Court has jurisdiction over the subject matter of this action and the parties hereto.

3.      HSBC Bank Nevada, N.A., issued a credit card in Defendant's name.  Defendant

received and used the card and thereby became obligated to pay for the charges incurred with the

card.

4.      Defendant defaulted on the obligation to make monthly payments on the credit

card account, and the card was subsequently canceled. The entire balance on the credit card

account is presently due and payable in full.



EXHIBIT

5.    By using and or authorizing the use of the credit card Defendant accepted the contract with the issuer and became bound to pay for all charges incurred with the credit card.

6.    The issuer sent to Defendant monthly bills reflecting, *inter alia*, all charges incurred with the credit card, the monthly payment due, and the total balance due. To the best of the Plaintiff's knowledge and belief Defendant did not ever send to the Issuer any disputes of the monthly bills or the charges reflected thereon. Each monthly statement informed the Defendant of the duty to submit any disputes of the charges set forth in such statements, in writing within sixty days from the date of the statement. Defendant's failure to submit such disputes constitutes admission of the account balance. *See, American Express Travel Related Services v. Silverman,* 2006 Ohio 6374, 2006 Ohio App. LEXIS 6327 (Ohio Ct. App. *Dec. 5, 2006).*

7.    Defendant defaulted in the payment obligation on the credit card. Such breach of contract proximately caused the Issuer damages in the amount of the balance due on the credit card account. That obligation has been assigned to plaintiff, who is the party entitled to enforce the contract and receive payment of the credit card balance.

8.    Defendant received and used the credit card knowing that the Issuer expected to be repaid for all charges incurred with the card, together with interest thereon. With each use of the credit card the Issuer paid money on Defendant's behalf to the merchant with whom credit was used.

9.    Plaintiff is the assignee of the issuer's right to be repaid by Defendant for the balance due under the credit card account, and it is entitled to recover from Defendant the sum of $1,025.74, prejudgment interest in the amount of $52.77 for a total balance of $1,078.51, as is shown by the Affidavit of Account attached hereto.

10.    Through its undersigned attorney, Plaintiff has demanded payment from

Defendant, but Defendant has not satisfied such demand. Plaintiff has performed all conditions precedent to the filing of this action, or all such conditions precedent have occurred.

WHEREFORE, premises considered, Plaintiff prays that Defendant be summoned to appear and answer, that upon final hearing, Plaintiff have Judgment against the Defendant for;

a)   $1,078.51 which is the balance due on the credit card;

b)   post judgment interest at the maximum rate allowed by law;

c)   attorney's fees in the amount to be determined by the court;

d)   all cost of court; and

e)   all such other just and proper relief to which Plaintiff may be entitled.

Respectfully Submitted,

The McHughes Law Firm, L.L.C.
Attorneys at Law
P.O. Box 2180
Little Rock, Arkansas 72203
(501) 376-9131

Becky A. McHughes (2003024)
Our File# 27251

FILED

IN THE DISTRICT COURT OF JACKSON COUNTY, ARKANSAS
NEWPORT DIVISION 2013 MAR 26 AM

CAVALRY SPV I, LLC                                                    PLAINTIFF
AS ASSIGNEE OF HSBC BANK NEVADA, N.A. \ ORCHARD BANK

vs.                               No. CIV-2011-215

PATTY E SIMPSON                                                      DEFENDANT
410 JACKSON 90
NEWPORT, AR 72112-8413

## DEFAULT JUDGMENT

Now on this day, this cause comes to be heard upon the Complaint of the Plaintiff, the

Summons and service thereof, in the manner and time prescribed by law.  The Plaintiff appears

by its Attorney, The McHughes Law Firm, LLC, announces ready for trial, and the Defendant

appears not.

From the evidence submitted, and the failure of the Defendant to respond, or answer, in

the manner and time prescribed by law, the Court finds that service has been perfected upon the

Defendant, and the Defendant is wholly and completely in default.  The Plaintiff is entitled to

Judgment against the Defendant in the principal sum of $1,025.74 plus prejudgment interest in

the amount of $52.77 for a total balance of $1,078.51 on said debt, and the Plaintiff's attorney

should be awarded attorney fees in the sum of $102.57 The Court further finds that pursuant

to Act 610 of 1991, the Defendant is to prepare a schedule, verified by affidavit, of property,

both real and personal, including moneys, bank accounts, rights and credits in action held by

Defendant, or others for the Defendant, and specify the particular property which Defendant

claims as exempt under the provisions of the law.  Said schedule is to be filed with the Clerk of

this Court within (45) days after the entry of this Judgment.



EXHIBIT
2

IT IS, THEREFORE, BY THE COURT, CONSIDERED, ORDERED AND

ADJUDGED that the Plaintiff do have and recover Judgment of and from the Defendant, Patty

E Simpson in the principal sum of $1,025.74 plus prejudgment interest in the amount of $52.77

for a total balance of $1,078.51, court costs to date in the sum of $91.00, plus any court costs

accrued in the collection of this debt, after the date of judgment entry, and attorney fees in the

sum of $102.57 Said Judgment is to bear interest at the rate of 10% per annum. Further, the

Plaintiff may contact third parties to enforce the Judgment and cost related to the enforcement of

the Judgment shall be collected from the Defendant.   Pursuant to Act 610 of 1991, the

Defendant is, directed and ordered to prepare a schedule, verified by affidavit, of property, both

real and personal, including monies, bank accounts, rights and credits in action held by, or others

for Defendant, and specify the particular property which Defendant claims as exempt under the

provisions of the law.   Said schedule is to be filed with the Clerk of this Court within (45) days

after the entry of this Judgment.

_____
District Judge Barbara Griffin

DATE: _3 - 25 - 13_

PREPARED BY:

_____
JOSH E. McHUGHES (67040)
BECKY A. MCHUGHES(03024)
CHRISTOPHER D. ANDERSON (91255)
Attorneys for Plaintiff
P. O. Box 2180
Little Rock, AR 72203
(501) 376-9131
Our File# 27251



IN THE DISTRICT COURT OF JACKSON COUNTY, ARKANSAS
NEWPORT DIVISION

CAVALRY SPV I, LLC AS ASSIGNEE OF
HSBC BANK NEVADA, N.A.                                          PLAINTIFF

VS.                                   NO. CV 2011-215

PATTY E SIMPSON                                                DEFENDANT

IBERIABANK                                                    GARNISHEE

## IBERIABANK'S ANSWER TO WRIT OF GARNISHMENT
## AND ALLEGATIONS AND INTERROGATORIES

Iberiabank (the "Bank") by and through its attorneys, Mitchell, Williams, Selig, Gates &
Woodyard, P.L.L.C., and for its Answer to Writ of Garnishment and Allegations and
Interrogatories states as follows:

1.      The Bank is without sufficient information to admit or deny the allegations set
forth in Paragraph One of Plaintiff's Allegations and therefore denies the same.

2.      The Bank denies Paragraph No. 2 of Plaintiff's Allegations.

The Bank denies each and every allegation not specifically admitted herein.

The Bank responds to propounded interrogatories as follows:

INTERROGATORY NO. 1.: Were you, immediately prior, to the service of the Writ of
Garnishment herein handed you, indebted to the Defendant? If so, how and in what amount?

RESPONSE: Yes. The Bank is indebted to the Defendant by virtue of a checking
account in the name of the Defendant. The Bank is holding $502.29 and will release the funds
upon receipt of an Order issued by the Court.

INTERROGATORY NO. 2: Have you in your hands and/or possession,
immediately after, the service of the Writ of Garnishment upon you herein, any goods, chattels,



moneys, credits or effects belonging to said Defendant? If so, what is the nature and value thereof?

RESPONSE:     Yes.  Please see Response to Interrogatory No. 1.

INTERROGATORY NO. 3:  Does the Defendant have an active checking or savings account with your institution?

RESPONSE:     Yes. Please see Response to Interrogatory No. 1.

INTERROGATORY NO. 4:  Does your institution charge a fee against the goods, chattels, moneys, credits, or effects belonging to the said Defendant? If so, how much is said fee and is it charged to the Defendant's goods, chattels, moneys, credits or effects belonging to the said Defendant?

RESPONSE:     Yes. Fees are deducted for various services and account activities, however, none affect this garnishment or the holding of funds.

INTERROGATORY NO. 5:  Please provide a copy of the last four deposit items made to any account that the Defendant maintains at this institution.

RESPONSE:   Objection.  Plaintiff seeks information that is confidential and of a nature that the Bank has a duty to protect.  The Bank will release the information upon receipt of an Order issued by the Court.

2

WHEREFORE, having fully answered, the Bank prays that the Writ be dismissed; that it be discharged from further liability herein; and for any and all further relief to which it may be entitled.

Respectfully submitted,

MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD P.L.L.C.
425 West Capitol Avenue, # 1800
Little Rock, Arkansas 72201
(501) 688-8840

By: _____
Donald H. Henry (Bar No. 75058)

## CERTIFICATE OF SERVICE

I, Donald H. Henry, do hereby certify that a true and correct copy of the foregoing Answer has been mailed this the 22nd day of August 2013, to the following:

Becky A. McHughes
The McHughes Law Firm
PO Box 2180
Little Rock, AR 72203

Patty E. Simpson
410 Jackson 90
Newport, AR 72112-8413

_____
Donald H. Henry

3

1 501 372 5383





# Arkansas State Board of Collection Agencies

523 South Louisiana, Suite 460
Little Rock, Arkansas 72201
Phone: (501) 376-9814
Fax: (501) 372-5383

PEGGY MATSON
EXECUTIVE DIRECTOR

DIRECT NUMBER: (501) 371-1435
E-MAIL: pmatson@asbca.com

August 13, 2013

J. R. Andrews                              VIA Facsimile - 255-1116
Cook Law Firm                              and U.S. Mail
8114 Cantrell Road, Suite 100
Little Rock, AR  72227

Re:  Freedom of Information Act Request – Cavalry SPV I, LLC

Dear Mr. Andrews:

We have no record of the Board ever having issued a collection agency license to Cavalry SPV I, LLC
and, therefore, have no file, licensing documentation or surety bond information.

Yours truly,

Peggy Matson
Executive Director

PM:stl



IN THE CIRCUIT COURT OF JACKSON COUNTY, ARKANSAS

_____DISTRICT

_____DIVISION

# SUMMONS

Case NO.: Cv.2013-116

PLAINTIFF(S):     PATTY E. SIMPSON

DEFENDANT:     CAVALRY SPV I, LLC as Assignee of HSBC Bank Nevada, N.A./ORCHARD BANK and MCHUGHES LAW FIRM

PLAINTIFF'S ATTORNEY:     Harold F. Cook, 8114 Cantrell Rd, Suite 100, Little Rock AR, 72227

DEFENDANT'S ADDRESS:     CAVALRY SPV I, LLC as Assignee of HSBC Bank Nevada, N.A./ORCHARD BANK, Registered Agent: The Corporation Company, 124 W. Capitol Ave, Ste 1900, Little Rock AR, 72201

McHughes Law Firm, Registered Agent: Becky A. McHughes, 917 W. 2nd Street, Little Rock AR, 72201

THE STATE OF ARKANSAS TO DEFENDANT(S): **McHughes Law Firm via Registered Agent: Becky A. McHughes**

# NOTICE

1. You are hereby notified that a lawsuit has been filed against you; the relief asked is stated in the attached complaint.
2. The attached complaint will be considered admitted by you and a judgment by default may be entered against you for the relief asked in the complaint unless you file a pleading and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:
   A. It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure.
   B. It must be filed in the court clerk's office within **THIRTY (30) DAYS**
      If you are a non-resident of this state or a person incarcerated in any jail, penitentiary, or other correctional facility in this state if must be filed in the court clerk's office within **SIXTY (60) DAYS.**

3. If you desire to be represented by an attorney you should immediately contact your
   attorney so that an answer can be filed for you within the time allowed.
   Additional notices:

WITNESS my hand and the seal of the court this date ___Sept. 16, 2013_____

Address of Clerk's office:   Vera S. Bean
                             Ms. ~~Lisa Turner~~
                             Jackson County Circuit Clerk
                             208 Main Street
                             Newport, AR 72112
                             Telephone: (870) 523-7423
                             Facsimile: N/A

_____, Arkansas_____     By: _____D.C.

# RETURN

STATE OF ARKANSAS, COUNTY OF _____:

On this _____ day of _____, 20___ at _____ o'clock _____.M.,
I have duly served the within summons by delivering a copy thereof (or stating the
substance thereof), together with a copy of the complaint, to such person being:

CHECK APPLICABLE SQUARE:

   ⌐  the person named therein as defendant.

   ⌐  a member of the defendant's family above 14 years of age at defendant's
      usual place of abode, namely

   _____

   ⌐  the duly designated agent for service of process for the defendant, namely ____

   _____

OTHER _____

                             _____, SHERIFF

                        By: _____
                                    Deputy Sheriff

HAROLD F. COOK**
ATTORNEY

J. R. ANDREWS*
ATTORNEY

LICENSED IN:
ARKANSAS*; MISSOURI*; TENNESSEE*
UTAH*; TEXAS FED. DIST. COURTS*;
UNITED STATES SUPREME COURT*

**COOK LAW FIRM**
A PROFESSIONAL ASSOCIATION
8114 CANTRELL, SUITE 100
LITTLE ROCK, AR 72227
TELEPHONE: (501) 255-1500
FACSIMILE: (501) 255-1116
ATTORNEYHALCOOK.COM

LITIGATION SECTION:
KIMBERLEY J. CARTER
MICHELEE JESTER

CASE MANAGEMENT
SARA E. DICKSON
JACLYN M. COOK

September 12, 2013

**VIA U.S. MAIL**
Ms. Lisa Turner
Jackson County Circuit Clerk
208 Main Street
Newport, AR 72112
Telephone: (870) 523-7423
Facsimile: N/A

Re:  *Patty E. Simpson v. Cavalry SPV I, LLC as Assignee of HSBC Bank Nevada,*
     *N.A./ORCHARD Bank and McHughes Law Firm,*
     Jackson County Circuit Court, Case No. CV-2013-

Dear Clerk:

Enclosed is the original and three copies of the Complaint, Civil Cover Sheet, two Summons for each Defendant and a check in the amount of $165.00 for the filing fee. Please mail back the file marked Complaint in the postage pre-paid envelope that's been provided, along with the issued Summons.

Please contact me, preferably via email (kim@attorneyhalcook.com), with questions or concerns. Telephone messages should be directed to (501-255-1500, ext. 211), however, we prefer email/written communication. Thank you for your assistance in this matter.

Best Regards,

**COOK LAW FIRM, P.A.**

/s/ KJC

Kimberley J. Carter
Litigation Paralegal

KJC/cjk
Enclosure(s)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

PATTY E. SIMPSON,            )
                                       )
         Plaintiff,         )
                                         )
v.                                 )     CIVIL ACTION NO.
                                         )
CAVALRY SPV I, LLC AS ASSIGNEE OF )  _____
HSBC BANK NEVADA, N.A./ORCHARD )
BANK, AND MCHUGHES LAW FIRM    )
                                         )
         Defendants.      )

### DEFENDANT MCHUGHES LAW FIRM, L.L.C.'S CONSENT TO NOTICE OF REMOVAL

      **COMES NOW** defendant McHughes Law Firm, LLC ("McHughes"), by and through its

undersigned counsel, appearing specially so as to preserve the right to demand arbitration

pursuant to contractual agreements and the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1, *et*

*seq.*, and preserving all defenses under Fed. R. Civ. P. 12, and hereby consents to and joins in the

Notice of Removal filed by Cavalry SPV I, LLC ("Cavalry").

      Respectfully submitted this ___ day of October, 2013.

                                   /s/ Becky M. Hughes
                                   Josh E. McHughes (67040)
                                   josh@mchugheslaw.com
                                   Becky A. McHughes (03024)
                                   becky@mchugheslaw.com
                                   Jennifer N. Liwo (2090)
                                   jennifer@mchugheslaw.com
                                   Christopher D. Anderson (91255)
                                   chris@mchugheslaw.com

**OF COUNSEL:**
The McHughes Law Firm, L.L.C.
P.O. Box 2180
Little Rock, Arkansas 72203
Telephone: (501) 376-9131

3126374 v1



EXHIBIT
**B**
_____