IN THE CIRCUIT COURT OF JACKSON COUNTY, ARKANSAS
_____ DIVISION

PATTY E. SIMPSON                                    PLAINTIFF

VS.

CAVALRY SPV I, LLC
AS ASSIGNEE OF HSBC BANK NEVADA, N.A./
ORCHARD BANK, AND
MCHUGHES LAW FIRM                                  DEFENDANTS

CV.2013-116

BOOK_____ RECORDED IN_____PAGE

2013 SEP 16   AM 11:56

FILED
VERA S BRANN
CIRCUIT CLERK
JACKSON COUNTY, AR

## COMPLAINT

COMES NOW, Plaintiff Patty E. Simpson, (Simpson), and files this Complaint against Cavalry

SPV I, LLC (Cavalry SPV I) and McHughes Law Firm and for her causes of action states:

I.

## STATEMENT OF JURISDICTION

1.     This claim is brought pursuant to this Arkansas Circuit Court's jurisdiction over

negligence granted by A.C.A. § 16-13-201, and concurrent jurisdiction of violations of the

Arkansas Fair Debt Collection Practices Act (hereinafter AFDCPA; A.C.A §17-24-101, et seq.)

and the Federal Fair Debt Collection Practices Act (hereinafter FDCPA; 15 U.S.C. §1692k(d)

and 28 U.S.C. §1337).

2.     Simpson has suffered losses and damages within the jurisdictional amount

required for federal diversity of jurisdiction of the Circuit Court of the State of Arkansas.

3.     Venue is proper under A.C.A. § 16-60-112 and U.S.C §1391(b),(c), in that

Cavalry SPV I and McHughes Law Firm transact business in Arkansas and the incident herein

complained of occurred in Jackson County, Arkansas.

## II.

## PARTIES TO THE CLAIM

4.      Simpson is a resident of Newport, Jackson County, Arkansas, and is a "consumer" as defined by 15 U.S.C. §1692a(3), and/or "any person" as defined by 15 U.S.C. §1692d;

5.      At the time of the incident described further herein, Cavalry SPV I was a "debt collector /debt buyer," as that term is defined by 15 U.S.C. §1692a(6), and A.C.A 17-24-101, et seq., and attempting to collect a "debt," as defined in 15 U.S.C. §1692a(5).

6.      McHughes Law Firm is a collection law firm in Little Rock, Arkansas and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7.      Cavalry SPV I is being served via its registered agent:

> The Corporation Company
> 124 West Capitol Avenue
> Suite 1900
> Little Rock, AR  72201

8.      McHughes Law Firm is being served via its registered agent:

> Becky A. McHughes
> 917 W. 2nd Street
> Little Rock, AR  72201

## III.

## FACTUAL BACKGROUND

9.      Cavalry SPV I filed a lawsuit against Simpson on December 8, 2011 in the

District Court of Jackson County, Arkansas-Newport Division, asserting a consumer debt. **Exhibit 1.**

10.     On March 26, 2013 a default judgment was entered against Simpson. **Exhibit 2.**

11.     Cavalry SPV I, by and through its attorney, McHughes Law Firm, instituted garnishment proceedings against Simpson's bank account in July or August 2013. **Exhibit 3.**

12.     As a "debt collector/debt buyer", Cavalry SPV I is required to be licensed by the Arkansas State Board of Collection Agencies pursuant to Arkansas Code Annotated §17-24-301. Cavalry SPV I is not licensed by the Arkansas State Board of Collection Agencies and is forbidden from purchasing and attempting to collect delinquent accounts or bills. **Exhibit 4.**

13.     By attempting to garnish Simpson's bank account, Cavalry SPV I and McHughes Law Firm are engaged in "collection activity" under the FDCPA.

14.     By engaging in collection activity in violation of state statute, Cavalry SPV I and McHughes Law Firm are violating 15 U.S.C. §1692e(5) which prohibits the threat to take any action that cannot legally be taken.

15.     Litigation is defined as a "collection activity" according to *Heintz v. Jenkins*, 514 U.S. 291 (1995).

16      Violation of a State statute supports a violation of the Fair Debt Collection Practices Act. *Picht v. Hawks, Ltd*, 236 F.3d 446 (8th Cir. 2001).

17.     McHughes Law Firm has knowingly participated in the collection activities of Cavalry SPV I in violation of Arkansas Code Annotated §17-24-301 and Arkansas State Board of Collection Agencies regulation XIV(a) and (b).

18.     The actions by Cavalry SPV I and McHughes Law Firm in violation of State statute and Arkansas Board of Collection Agencies regulations constitute unfair or

unconscionable means to attempt to collect debt in violation of 15 U.S.C §1692f.

19.    The actions by Cavalry SPV I and McHughes Law Firm constitute conduct the natural consequence of which is to harass, oppress or abuse any person in violation of 15 U.S.C. §1692d.

20.    Simpson has suffered embarrassment, humiliation, mental distress and emotional anguish, as well as physical symptoms of injury as a result of the actions by Cavalry SPV I and McHughes Law Firm.

## IV.

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
## and
## THE ARKANSAS FAIR DEBT COLLECT PRACTICES ACT

Simpson hereby incorporates by reference all previous paragraphs as if fully set forth herein, and further asserts for her cause of action the following:

21.    Cavalry SPV I and McHughes Law Firm engaged in abusive, harassing, oppressive conduct, false, deceptive or misleading representations, and unfair or unconscionable collection methods in contravention of 15 U.S.C. §1692, a course of action which violated the AFDCPA and FDCPA in the following particulars:

    i.    using any false, deceptive, or misleading representations or means in connection with the collection of any debt, 15 U.S.C. §1692e(5), by threatening to take any action that cannot legally be taken, specifically violation of A.C.A. §17-24-301.

    ii.   any unfair or unconscionable means to collect or attempt to collect the alleged debt by violating State law pursuant to 15 U.S.C. §1692f;

    iii.  Conduct the natural consequence of which is to harass, oppress or abuse any person pursuant to 15 U.S.C. §1692d by violating Sate law.

22.     Cavalry SPV I and McHughes Law Firm's conduct are violations of the AFDCPA and FDCPA for which strict liability applies pursuant to: 15 U.S.C. §1692, et seq.;

23.     Cavalry SPV I and McHughes Law Firm's conduct are violations of the AFDCPA and FDCPA for which statutory damages of $1,000.00 apply pursuant to: 15 U.S.C. §1692k(a)(2)(A);

24.     Cavalry SPV I and McHughes Law Firm's conduct are violations of the AFDCPA and FDCPA, and a producing cause of economic damages incurred by Simpson.

25.     Cavalry SPV I and McHughes Law Firm's conduct was a producing cause of actual damages incurred by Simpson pursuant to: 15 U.S.C. §1692k(a)(1).

## V.

## COUNT II.

### MALICIOUS PROSECUTION

Simpson hereby incorporate by reference all previous paragraphs as if fully set forth herein, and further asserts for her cause of action the following:

26.     Cavalry SPV I and McHughes Law Firm initiated civil proceedings against Simpson in violation of A.C.A. §17-24-301 which requires a collection agency to be licensed by the Arkansas State Board of Collection Agencies.

27.     Cavalry SPV I and McHughes Law Firm acted out of ill will.

28.     Cavalry SPV I and McHughes Law Firm's actions and conduct proximately caused Simpson to suffer damages for which they are liable.

29.     Additionally, Cavalry SPV I and McHughes Law Firm knew, or should have known, in light of the circumstances, as alleged this lawsuit, that its conduct would naturally and

probably result in damage, and continued their conduct with malice or in reckless disregard of the consequences from which malice may be inferred, or intentionally pursued their course of conduct for the purpose of causing damage, or both.  For these reasons, Cavalry SPV I and McHughes Law Firm are also liable for punitive damages to Simpson.

## VI.

## COUNT III.

### ABUSE OF PROCESS

Simpson hereby incorporate by reference all previous paragraphs as if fully set forth herein, and further asserts for her cause of action the following:

30.     Cavalry SPV I and McHughes Law Firm set in motion civil proceedings against Simpson in violation of A.C.A. §17-24-301 which requires a collection agency to be licensed by the Arkansas State Board of Collection Agencies..

31.     The civil proceedings were used to accomplish an ulterior purpose for which it was not designed.

32.     That Cavalry SPV I and McHughes Law Firm willfully used these processes in manners not proper in the regular conduct of the proceedings.

33.     Cavalry SPV I and McHughes Law Firm's actions and conduct proximately caused Simpson to suffer damages for which they are liable.

34.     Additionally, Cavalry SPV I and McHughes Law Firm knew or should have known, in light of the surrounding circumstances, as alleged in this lawsuit, that their conduct would naturally and probably result in damage, and continued the conduct with malice or in reckless disregard of the consequences from which malice may be inferred, or intentionally

pursued a course of conduct for the purpose of causing damage, or both.  For these reasons, Cavalry SPV I and McHughes Law Firm are also liable for punitive damages to Simpson.

## VII.

## COUNT IV.

## NEGLIGENCE

Simpson hereby incorporate by reference all previous paragraphs as if fully set forth herein, and further asserts for its cause of action the following:

35.     Cavalry SPV I and McHughes Law Firm owed a duty of care to Simpson.

36.     Cavalry SPV I and McHughes Law Firm knew, or should have known by the exercise of reasonable care and diligence from a reasonably prudent persons perspective, that the probability of a harm was foreseeable and likely to happen if reasonable steps were not implemented to prevent the occurrence of a similar action as the one forming the basis of this lawsuit.

37.     The negligent, careless and reckless acts and/or omissions of Cavalry SPV I and McHughes Law Firm were/are guilty of negligence which was the proximate cause of the above described incident and Simpson's resulting damages in the following particulars consisting of one or more of the following:

        i. Instituting a groundless legal proceeding.

        ii. Instituting a groundless legal proceeding without probable cause or validity.

        iii. Instituting a groundless legal proceeding without probable cause or validity with malice.

    iv.  Instituting a groundless legal proceeding without probable cause or validity for an improper purpose.

    v.  Instituting a groundless legal proceeding without probable cause or validity with the improper intent of coercing a settlement for a debt not owed.

    vi.  Instituting a groundless legal proceeding without probable cause or validity with the intent of coercing payment on an account not owed.

    vii.  Instituting a legal proceeding in violation of State statute and regulations.

38.    All of the above negligent, careless and reckless acts and/or omissions by Cavalry SPV I and McHughes Law Firm were made with knowledge of their falsity, or made recklessly without any knowledge of the truth, or without making a reasonably diligent inquiry into the facts or the legal basis of instituting a lawsuit.

39.    Additionally, Cavalry SPV I and McHughes Law Firm knew or should have known, in light of the surrounding circumstances, as alleged in this lawsuit, that their conduct would naturally and probably result in damage, and continued the conduct with malice or in reckless disregard of the consequences from which malice may be inferred, or intentionally pursued a course of conduct for the purpose of causing damage, or both.  For these reasons, Cavalry SPV I and McHughes Law Firm are also liable for punitive damages to Simpson.

## VIII.

## <u>DAMAGES</u>

Simpson hereby incorporates by reference all previous paragraphs as if fully set forth herein.

---

40.    As a direct and proximate result of the occurrence made the basis of this lawsuit, Simpson sustained damages and injuries including, but not limited to, the following:

      i.    increased temper;

      ii.    loss of sleep and insomnia;

      iii.    anxiety, nervousness, fear, and worry;

      iv.    emotional distress and mental distress;

41.    As a direct and proximate result of the occurrence made the basis of this lawsuit, Simpson is entitled to the following damages:

      i.    actual costs, expenses and attorney fees.

      ii.    statutory damages in the maximum amount of: $1,000.00.

      iii.    additional actual damages to be determined.

      iv.    Punitive damages.

42.    By reason of the aforementioned, Simpson has suffered losses and damages in a sum to be proven at trial.

## IX.

### FURTHER RELIEF AND PARTIES

43.    Simpson reserves the right to plead further causes of action as additional parties and facts are identified.

## X.

### JURY DEMAND

44.    Simpson demands a jury trial.

## XI.

### PRAYER

WHEREFORE, Simpson prays that:

1. Simpson be granted statutory damages pursuant to the AFDCPA and FDCPA.

4. Simpson be granted actual damages to be proven at trial.

5. Simpson be granted costs and expenses incurred to date.

6. Simpson be granted judgment for attorney fees.

7. Simpson be awarded punitive damages.

Respectfully submitted,
COOK LAW FIRM, P.A.

Harold F. Cook, AR Bar No. 99118
J. R. Andrews, AR Bar No. 92041
8114 Cantrell Road, Suite 100
Little Rock, AR 72227
501-255-1500
501-255-1116, fax

183244

# IN THE DISTRICT COURT OF JACKSON COUNTY, ARKANSAS
## NEWPORT DIVISION

**CAVALRY SPV I, LLC**                                                               **PLAINTIFF**
**AS ASSIGNEE OF HSBC BANK NEVADA, N.A. \ ORCHARD BANK**

vs.                         No. _Civ-2011 - 215_

**PATTY E SIMPSON**                                                               **DEFENDANT**
**410 JACKSON 90**
**NEWPORT, AR 72112-8413**



## COMPLAINT

Comes the Plaintiff by its Attorneys, The McHughes Law Firm, LLC, and for its cause of

action against the Defendant states and alleges:

      1.    Plaintiff is a foreign entity authorized to do business in the State of Arkansas for

the purpose of collecting a debt pursuant to Arkansas Code Annotated § 4-27-1501(b)(8). The

Plaintiff is the assignee of HSBC Bank Nevada, N.A.

      2.    Venue of this action is proper in the county named above because Defendant is an

individual believed to be residing in the said county at the time of commencement of suit.

Therefore, the Court has jurisdiction over the subject matter of this action and the parties hereto.

      3.    HSBC Bank Nevada, N.A., issued a credit card in Defendant's name. Defendant

received and used the card and thereby became obligated to pay for the charges incurred with the

card.

      4.    Defendant defaulted on the obligation to make monthly payments on the credit

card account, and the card was subsequently canceled. The entire balance on the credit card

account is presently due and payable in full.



*Q-2725100151-*

5.      By using and or authorizing the use of the credit card Defendant accepted the contract with the issuer and became bound to pay for all charges incurred with the credit card.

6.      The issuer sent to Defendant monthly bills reflecting, *inter alia*, all charges incurred with the credit card, the monthly payment due, and the total balance due. To the best of the Plaintiff's knowledge and belief Defendant did not ever send to the Issuer any disputes of the monthly bills or the charges reflected thereon. Each monthly statement informed the Defendant of the duty to submit any disputes of the charges set forth in such statements, in writing within sixty days from the date of the statement. Defendant's failure to submit such disputes constitutes admission of the account balance. *See, American Express Travel Related Services v. Silverman,* 2006 Ohio 6374, 2006 Ohio App. LEXIS 6327 (Ohio Ct. App. *Dec. 5, 2006).*

7.      Defendant defaulted in the payment obligation on the credit card. Such breach of contract proximately caused the Issuer damages in the amount of the balance due on the credit card account. That obligation has been assigned to plaintiff, who is the party entitled to enforce the contract and receive payment of the credit card balance.

8.      Defendant received and used the credit card knowing that the Issuer expected to be repaid for all charges incurred with the card, together with interest thereon. With each use of the credit card the Issuer paid money on Defendant's behalf to the merchant with whom credit was used.

9.      Plaintiff is the assignee of the issuer's right to be repaid by Defendant for the balance due under the credit card account, and it is entitled to recover from Defendant the sum of $1,025.74, prejudgment interest in the amount of $52.77 for a total balance of $1,078.51, as is shown by the Affidavit of Account attached hereto.

10.      Through its undersigned attorney, Plaintiff has demanded payment from

Defendant, but Defendant has not satisfied such demand. Plaintiff has performed all conditions precedent to the filing of this action, or all such conditions precedent have occurred.

WHEREFORE, premises considered, Plaintiff prays that Defendant be summoned to appear and answer, that upon final hearing, Plaintiff have Judgment against the Defendant for;

a) $1,078.51 which is the balance due on the credit card;

b) post judgment interest at the maximum rate allowed by law;

c) attorney's fees in the amount to be determined by the court;

d) all cost of court; and

e) all such other just and proper relief to which Plaintiff may be entitled.

Respectfully Submitted,

The McHughes Law Firm, L.L.C.
Attorneys at Law
P.O. Box 2180
Little Rock, Arkansas 72203
(501) 376-9131


Becky A. McHughes (2003024)
Our File# 27251