**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

PATTY E. SIMPSON                                                                                          PLAINTIFF

v.                                            NO. 1:13CV00093 JLH

CAVALRY SPV I, LLC, as Assignee of
HSBC Bank Nevada, N.A./Orchard Bank                                              DEFENDANT

**CERTIFICATION ORDER**

Pursuant to Rule 6-8 of the Rules of the Supreme Court of the State of Arkansas, this Court certifies to the Supreme Court of Arkansas a question of law that may be determinative of this case and as to which it appears there is no controlling precedent in the decisions of the Supreme Court of Arkansas.

**I.  QUESTIONS OF LAW TO BE ANSWERED**

1.      Whether an entity that purchases delinquent accounts and then retains a licensed Arkansas lawyer to collect on the delinquent accounts and file lawsuits on its behalf in Arkansas is "attempt[ing] to collect," thus meeting the definition of "collection agency," pursuant to Arkansas Code Annotated § 17-24-101?

2.      Whether an entity that purchases delinquent accounts and then retains a licensed Arkansas lawyer to collect on the delinquent accounts and file lawsuits on its behalf in Arkansas is "attempt[ing] to collect" and, thus, is required to be licensed by the Arkansas State Board of Collection Agencies pursuant to Arkansas Code Annotated §17-24-301(4)?

**II.  FACTS RELEVANT TO THE QUESTIONS**

Patty E. Simpson obtained a credit card from HSBC Bank Nevada, N.A., on July 9, 2005. That account became delinquent and was charged off on October 30, 2010.  HSBC Bank Nevada,

N.A., assigned Simpson's account to Cavalry SPV I, LLC, on November 24, 2010. During the time period encompassing the facts at issue in this lawsuit, Cavalry was not licensed in the State of Arkansas as a debt collector. Cavalry retained the McHughes Law Firm in Arkansas to represent it. On behalf of Cavalry, the McHughes Law Firm commenced an action in the District Court of Jackson County, Arkansas, on December 8, 2010, seeking to collect the debt, which was in the principal amount of $1,078.51. On March 25, 2013, a default judgment was entered against Simpson in that action. On August 5, 2013, garnishment was issued for Simpson's account at Iberia Bank. On September 16, 2013, Simpson commenced this action in the Circuit Court of Jackson County, Arkansas. She originally brought this action against Cavalry and against the McHughes Law Firm.[1] She alleged that the actions of Cavalry violated the Arkansas Fair Debt Collection Practices Act, as well as the Federal Fair Debt Collection Practices Act. Underlying both her state and federal claims is her contention that Cavalry was required to be licensed by the Arkansas State Board of Collection Agencies.[2]

On October 22, 2013, Cavalry removed the action to the United States District Court for the Eastern District of Arkansas. On October 29, 2013, Cavalry moved for summary judgment asserting that Ark. Code Ann. § 17-24-101 et seq. does not require it to be licensed because it does not attempt to collect delinquent accounts or bills inasmuch as it hired a licensed Arkansas lawyer to collect on delinquent accounts and to file lawsuits on its behalf. Simpson contends that Cavalry is a collection

---

[1] Simpson subsequently agreed to dismiss the McHughes Law Firm with prejudice, so the only remaining defendant is Cavalry.

[2] Her federal claim is based on 15 U.S.C. § 1692e(5), which makes it illegal to threaten to take an action that cannot legally be taken. Because Cavalry is not licensed as a debt collector by the Arkansas State Board of Collection Agencies, Simpson contends that commencing the debt collection action against her violated this federal statute.

agency as defined in Ark. Code Ann. § 17-24-101 and must be licensed pursuant to Ark. Code Ann. § 17-24-301 because it purchases and attempts to collect delinquent accounts. This issue is potentially dispositive of both the Arkansas claims and the federal claims brought by Simpson against Cavalry.

### III. REFORMULATION OF THE QUESTIONS

The United States District Court hereby acknowledges that the Arkansas Supreme Court, acting as the receiving court, may reformulate the questions presented.

### IV. COUNSEL OF RECORD AND PARTIES

The attorneys of record in the case pending before this Court are as follows:

Attorneys for Plaintiff Patty E. Simpson:

| | |
|---|---|
| J. R. Andrews | Harold F. Cook |
| Cook Law Firm | Cook Law Firm |
| 8114 Cantrell Road, Suite 100 | 8114 Cantrell Road, Suite 100 |
| Little Rock, AR  72227 | Little Rock, AR  72227 |
| (501) 255-1500 | (501) 255-1500 |

Attorneys for Defendant Cavalry SPV I, LLC:

| | |
|---|---|
| Megan Stephens | Zachary D. Miller |
| Burr & Forman, LLP | Burr & Forman, LLP |
| 420 N. 20th St. Suite 3400 | 420 N. 20th St. Suite 3400 |
| Birmingham, AL  35203 | Birmingham, AL  35203 |
| (205) 251-3000 | (205) 251-3000 |

R. Frank Springfield
Burr & Forman, LLP
420 N. 20th St. Suite 3400
Birmingham, AL  35203
(205) 251-3000

**V.**

The Clerk of the Court is hereby directed to forward this Certification Order to the Supreme Court of Arkansas under his official seal.

IT IS SO ORDERED this 7th day of January, 2014.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE