# MANDATE

## CERTIFIED QUESTIONS ANSWERED

PROCEEDINGS OF SEPTEMBER 11, 2014

SUPREME COURT CASE NO. CV-14-45

PATTY SIMPSON            PETITIONER

V. CERTIFIED QUESTIONS FROM THE
   UNITED STATES DISTRICT COURT FOR THE
   EASTERN DISTRICT OF ARKANSAS,
   NORTHERN DIVISION (NO. 1:13-CV-00093-JLH)

CAVALRY SPV I, LLC, ASSIGNEE OF
HSBC BANK NEVADA, N.A./ORCHARD BANK       RESPONDENT

     THESE CERTIFIED QUESTIONS WERE SUBMITTED TO THE ARKANSAS SUPREME COURT ON THE RECORD OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF ARKANSAS, NORTHERN DIVISION, AND BRIEFS OF THE RESPECTIVE PARTIES. AFTER DUE CONSIDERATION, IT IS THE DECISION OF THE COURT THAT THE CERTIFIED QUESTIONS ARE ANSWERED AS SET OUT IN THE ATTACHED OPINION.

     IN TESTIMONY, THAT THE ABOVE IS A TRUE AND CORRECT COPY OF THE JUDGMENT OF THE ARKANSAS SUPREME COURT, I, STACEY PECTOL, CLERK, SET MY HAND AND AFFIX MY OFFICIAL SEAL, ON THIS 30TH DAY OF SEPTEMBER, 2014.

                                           STACEY PECTOL, CLERK

# SUPREME COURT OF ARKANSAS
No. CV-14-45

| | |
|---|---|
| PATTY SIMPSON<br>                    PETITIONER<br><br>V.<br><br>CAVALRY SPV I, LLC, ASSIGNEE OF HSBC BANK NEVADA, N.A./ORCHARD BANK<br>                    RESPONDENT | Opinion Delivered September 11, 2014<br><br>CERTIFIED QUESTIONS FROM UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF ARKANSAS, NORTHERN DIVISION [NO. 1:13-cv-00093-JLH]<br><br>HONORABLE J. LEON HOLMES, JUDGE<br><br><u>CERTIFIED QUESTIONS ANSWERED.</u> |

**CLIFF HOOFMAN, Associate Justice**

This case involves two questions of Arkansas law certified to this court by the United States District Court for the Eastern District of Arkansas in accordance with Arkansas Supreme Court Rule 6-8 (2013). On January 23, 2014, this court accepted the certified questions in *Simpson v. Cavalry*, 2014 Ark. 33, 431 S.W.3d 291. The certified questions are as follows:

> 1. Whether an entity that purchases delinquent accounts and then retains a licensed Arkansas lawyer to collect on the delinquent accounts and file lawsuits on its behalf in Arkansas is "attempt[ing] to collect," thus meeting the definition of "collection agency," pursuant to Arkansas Code Annotated section 17-24-101?
>
> 2. Whether an entity that purchases delinquent accounts and files lawsuits on its behalf in Arkansas is "attempt[ing] to collect" and, thus, is required to be licensed by the Arkansas State Board of Collection Agencies pursuant to Arkansas Code Annotated section 17-24-301(4)?

We answer both certified questions in the affirmative.

In the Eastern District's certification order, the court outlined the following pertinent facts:

> Patty E. Simpson obtained a credit card from HSBC Bank Nevada, N.A., on July 9, 2005. That account became delinquent and was charged off on October 30, 2010. HSBC Bank Nevada, N.A., assigned Simpson's account to Cavalry SPV I, LLC, on November 24, 2010. During the time period encompassing the facts at issue in this lawsuit, Cavalry was not licensed in the State of Arkansas as a debt collector. Cavalry retained the McHughes Law Firm in Arkansas to represent it. On behalf of Cavalry, the McHughes Law Firm commenced an action in the District Court of Jackson County, Arkansas, on December 8, 2010, seeking to collect the debt, which was in the principal amount of $1,078.51. On March 25, 2013, a default judgment was entered against Simpson in that action. On August 5, 2013, garnishment was issued for Simpson's account at Iberia Bank. On September 16, 2013, Simpson commenced this action in the Circuit Court of Jackson County, Arkansas. She originally brought this action against Cavalry and against the McHughes Law Firm.[1] She alleged that the actions of Cavalry violated the Arkansas Fair Debt Collection Practices Act, as well as the Federal Fair Debt Collection Practices Act. Underlying both her state and federal claims is her contention that Cavalry was required to be licensed by the Arkansas State Board of Collection Agencies.[2]
>
> On October 22, 2013, Cavalry removed the action to the United States District Court for the Eastern District of Arkansas. On October 29, 2013, Cavalry moved for summary judgment asserting that Ark. Code Ann. § 17-24-101 et seq. does not require it to be licensed because it does not attempt to collect delinquent accounts or bills inasmuch as it hired a licensed Arkansas lawyer to collect on delinquent accounts and to file lawsuits on its behalf. Simpson contends that Cavalry is a collection agency as defined in Ark. Code Ann. § 17-24-101 and must be licensed pursuant to Ark. Code Ann. § 17-24-301 because it purchases and attempts to collect delinquent accounts. This issue is potentially dispositive of both the Arkansas claims and the federal claims brought by Simpson against Cavalry.
>
> > n1 Simpson subsequently agreed to dismiss the McHughes Law Firm with prejudice, so the only remaining defendant is Cavalry.
> >
> > n2 Her federal claim is based on 15 U.S.C. § 1692e(5), which makes it illegal to threaten to take an action that cannot legally be taken. Because Cavalry is not licensed as a debt collector by the Arkansas State Board of Collection

>Agencies, Simpson contends that commencing the debt collection action against her violated this federal statute.

After we accepted the certified question, Patty Simpson ("Simpson" or "Petitioner") and Cavalry SPV I, LLC, as assignee of HSBC Bank Nevada, N.A./Orchard Bank ("Cavalry" or "Respondent") filed their briefs. Additionally, the Arkansas Creditors Bar Association (as amici curiae) filed a brief after this court granted it permission to do so on May 1, 2014.

The certified questions present issues of statutory construction. This court's rules regarding statutory construction are clear and well established. The basic rule of statutory construction is to give effect to the intent of the legislature. *Calaway v. Practice Mgmt. Servs., Inc.*, 2010 Ark. 432. Where the language of a statute is plain and unambiguous, this court determines legislative intent from the ordinary meaning of the language used. *Id.* In considering the meaning of a statute, this court construes it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* This court construes the statute so that no word is left void, superfluous, or insignificant, and this court gives meaning and effect to every word in the statute, if possible. *Id.* If the language of a statute is clear and unambiguous and conveys a clear and definite meaning, it is unnecessary to resort to the rules of statutory interpretation. *Brown v. State*, 375 Ark. 499, 292 S.W.3d 288 (2009). However, this court will not give statutes a literal interpretation if it leads to absurd consequences that are contrary to legislative intent. *Brock v. Townsell*, 2009 Ark. 224, 309 S.W.3d 179.

A statute is considered ambiguous if it is open to more than one construction. *Pulaski*

*Cnty. v. Ark. Democrat-Gazette, Inc.*, 370 Ark. 435, 260 S.W.3d 718 (2007). When a statute is ambiguous, this court must interpret it according to legislative intent and our review becomes an examination of the whole act. *Helena-W. Helena Sch. Dist. v. Fluker*, 371 Ark. 574, 580, 268 S.W.3d 879, 884 (2007). In reviewing the act in its entirety, this court will reconcile provisions to make them consistent, harmonious, and sensible in an effort to give effect to every part. *Williams v. Little Rock Sch. Dist.*, 347 Ark. 637, 66 S.W.3d 590 (2002). In addition, this court must look at the legislative history, the language, and the subject matter involved. *Id.* However, when a statute is clear, it is given its plain meaning and this court will not search for legislative intent. *Cave City Nursing Home, Inc. v. Ark. Dep't of Human Servs.*, 351 Ark. 13, 89 S.W.3d 884 (2002). This court is very hesitant to interpret a legislative act in a manner that is contrary to its express language, unless it is clear that a drafting error or omission has circumvented legislative intent. *Id.*

In addressing the first certified question, Simpson contends that Cavalry meets the definition of a collection agency under Ark. Code Ann. § 17-24-101 (Repl. 2010) "because it attempts to collect delinquent accounts that it purchases from other persons."[1] Arkansas

---

[1] Additionally, Petitioner alleges that this court should by comparison interpret "collection agency" to mean "debt collector" as provided in Ark. Code Ann. § 17-24-502(5) (Repl. 2010) because the language used is similar. Arkansas Code Annotated § 17-24-502(5) provides,

> (5)(A) "Debt collector" means a person who uses an instrumentality of interstate commerce or the mails in a business whose principal purpose is the collection of debts or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

Code Annotated § 17-24-101 specifically provides,

> As used in this chapter, unless the context otherwise requires, "collection agency" means any person, partnership, corporation, association, limited liability corporation, or firm which engages in the collection of delinquent accounts, bills, or other forms of indebtedness owed or due or asserted to be owed or due to another or any person, partnership, corporation, association, limited liability corporation, or firm using a fictitious name or any name other than its own in the collection of their own accounts receivable, *or any person, partnership, corporation, association, limited liability corporation, or firm which solicits claims for collection or any person, partnership, corporation, association, limited liability corporation, or firm that purchases and attempts to collect delinquent accounts or bills.*

(Emphasis added.) The legislature amended the statute to include the emphasized language in 2009. *See* Professions and Occupations—Debtors and Creditors—Collections, 2009 Ark. Acts 1455. Arkansas Code Annotated § 17-24-102 (Repl. 2010) provides a list of exemptions, including the following pertinent individuals:

> (a) This chapter does not apply to:
>
> . . . .
>
> (8) Attorneys at law who use their own names or the names of their law firms to collect or attempt to collect claims, accounts, bills, or other forms of indebtedness owed to them individually or as a firm;
>
> . . . .
>
> (b) Nothing in § 17-24-301, § 17-24-309, § 17-24-401, or this chapter with respect to licensure by the State Board of Collection Agencies or limitations of fees for collection services shall include or be applicable to attorneys at law licensed to practice in the State of Arkansas who are engaged in rendering legal services for clients in the collection of accounts, debts, or claims, nor shall § 17-24-301, § 17-24-309, § 17-24-401, or this chapter amend or repeal in any way the exemptions set out in subsection (a) of this section.

---

However, because we find that the language in Ark. Code Ann. § 17-24-101 is clear and unambiguous, this comparison is unnecessary.

Cavalry disagrees with Simpson's interpretation and would have this court interpret section 17-24-101 to not apply to Cavalry because it "assigned" its collection activity to a law firm. Therefore, Cavalry alleges that it was not "directly" attempting to collect a debt. This argument lacks merit and is misleading. Cavalry did not "assign" the debt to a law firm but "retained" (as framed in the certified question by the Eastern District) a law firm to act on its behalf in collecting the debt, including the filing of a lawsuit.

Section 17-24-102 lends additional support for Simpson's plain-language interpretation of section 17-24-101. Section 17-24-102(a)(8) only exempts attorneys who are collecting indebtedness that is owed to them individually or as a firm, and section 17-24-102(b) explains that the attorneys licensed to practice in Arkansas are not required to be licensed when they are "engaged in rendering legal services for clients in the collection of accounts, debts, or claims." Therefore, without section 17-24-102(b), an attorney who filed suit in his or her own name to collect a debt of another would be required to obtain a license. Thus, the additional language in section 17-24-102(b) explains that the "clients" are the individuals "in the collection" of the debt, and the attorneys are simply "rendering legal services" on behalf of their clients and are exempt from the licensure requirement.

Furthermore, Cavalry's interpretation would have this court infer that the definition of collection agency would include only "direct" attempts and not any "indirect" attempts to collect. However, the plain language of section 17-24-101 does not include any modifying language and would thus include both direct and indirect attempts to collect delinquent accounts or bills. Without evidence of a drafting omission, this court will not read into

legislation what is simply not there. *Cave City Nursing Home, Inc., supra.*

While both parties cite to cases from other jurisdictions as support for its own interpretation, none of those cases involved the interpretation of identical language found in our own statute, and therefore, they are not persuasive in this court's interpretation of section 17-24-101 or section 17-24-301.[2] Rather, we find the language in the statutes relevant to this case to be clear and unambiguous, and this court need not search for a legislative intent. *Cave City Nursing Home, Inc., supra.* Furthermore, the provisions can be read in a consistent, harmonious, and sensible manner, giving effect to every part. Cavalry clearly purchased and attempted to collect delinquent accounts or bills, and therefore, Cavalry is a collection agency under the plain language of section 17-24-101. The mere fact that Cavalry retained an attorney to act on its behalf to litigate the matter is irrelevant under these circumstances as to whether Cavalry was attempting to collect.

Finally, Cavalry contends that this court should give deference to the State Board of Collection Agencies' ("SBCA") interpretation published in a clarification statement in the minutes of a SBCA meeting held on August 15, 2012, stating in pertinent part,

> IT IS HEREBY RESOLVED that the Arkansas State Board of Collection Agencies recognizes as exempt from collection agency licensure in Arkansas any entity

---

[2] In *Finch v. LVNV Funding, LLC*, the Court of Special Appeals of Maryland held that a similar Maryland statute required a collection agency to obtain a license and defined a collection agency as a "'person who engages directly or indirectly in the business.'" 71 A.3d 193 (2013) (quoting Md. Code Ann., Bus. Reg. § 7-101(c)). The United States District Court for the Eastern District of Tennessee interpreted a Tennessee Act to require an entity to actually "engage in collection activity." *Smith v. LVNV Funding, LLC*, 2014 WL 923220 (E.D. Tenn. Mar. 10, 2014).

> that purchases or receives an assignment of ownership of a debt that is in default at the time of assignment provided that the debt buyer: 1) does not attempt to collect debts directly either for itself or others; 2) undertakes collection efforts solely through third-party collection agencies or law firms; 3) maintains no place of business in Arkansas. This resolution is not a change in the law; rather it is a clarification of existing law.

This court has held that while a statutory interpretation by the agency responsible for its execution is not conclusive, it is highly persuasive and should not be reversed unless it is clearly wrong. *Holbrook v. Healthport, Inc.*, 2014 Ark. 146, 432 S.W.3d 593. However, although an agency's interpretation is highly persuasive, when the statute is not ambiguous, as is the case here, this court will not interpret a statute to mean anything other than what it says. *Yamaha Motor Corp., USA. v. Richard's Honda Yamaha*, 344 Ark. 44, 38 S.W.3d 356 (2001). Thus, we answer the first certified question in the affirmative.

In addressing the second certified question, Simpson contends that Cavalry was required to be licensed by the SBCA under Ark. Code Ann. § 17-24-301 because Cavalry "purchase[d] and attempt[ed] to collect delinquent accounts or bills." Arkansas Code Annotated § 17-24-301 (Repl. 2010), as amended in 2009, specifically provides,

> Unless licensed by the State Board of Collection Agencies under this subchapter it is unlawful to:
> (1) Engage in the collection of delinquent accounts, bills, or other forms of indebtedness;
> (2) Use a fictitious name or any name other than their own in the collection of their own accounts receivable;
> (3) Solicit claims for collection; or
> (4) *Purchase and attempt to collect delinquent accounts or bills.*

(Emphasis added.) Although Cavalry disagrees with Simpson's interpretation for the same reasons addressed above, we find that section 17-24-301 is clear and unambiguous. Cavalry

clearly purchased and attempted to collect delinquent accounts or bills, and therefore, Cavalry was required to obtain a license from the SBCA pursuant to section 17-24-301. The mere fact that Cavalry retained an attorney to act on its behalf to litigate the matter is irrelevant under these circumstances as to whether Cavalry was attempting to collect on an account, and therefore, Cavalry was required to obtain a license from the SBCA. Thus, we also answer the second certified question in the affirmative.

    Certified questions answered.

IN TESTIMONY, That the above is a true copy of the opinion of said Supreme Court rendered in the case therein stated, I, Stacey Pectol, Clerk of said Supreme Court, hereunto set my hand and affix the Seal of said Supreme Court, at my office in the City of Little Rock this __30th__ day of __September__, A.D., 20 __14__.

_____
Clerk

_____
D.C.